# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROMERO,<br><br>                             Petitioner,<br>   vs.<br><br>STUART J. RYAN, Warden,<br><br>                            Respondent. | CASE NO. 05cv1738 JM(AJB)<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; DENYING MOTION TO DISMISS |

On August 27, 2007 Magistrate Judge Battaglia entered a Report and Recommendation ("R & R") on Respondent's motion to dismiss, recommending that Petitioner be required to elect between a dismissal of the Petition in its entirety or to delete the unexhausted claims from the Petition brought pursuant to 28 U.S.C. §2254. In his motion to dismiss, Respondent argues that the unexhausted claims must be deleted or the petition dismissed pursuant to <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

In his Objections, Petitioner argues for the first time that the Petition was timely filed because he timely and properly filed a state petition for habeas corpus containing the unexhausted claims (claims 1, 2, 3, 9, and 10). By timely filing the petition in state court, Petitioner argues that he is entitled to the statutory tolling afforded by 28 U.S.C. §2244(d)(1), and therefore the Petition, including the now exhausted claims, should be considered timely filed as of about June 2, 2006, the date Petitioner filed the Notice of Exhaustion of Unexhausted Claims.

In light of Petitioner's claim that the Petition is timely filed within the meaning of AEDPA, the exhaustion issues cannot be affirmatively resolved without resolution of the timeliness issue.  The court notes that if the fully exhausted Petition were considered timely filed as of June 2, 2006, an issue not addressed or opposed by Respondent, then there would be no basis to dismiss the Petition for failure to exhaust because the Petition, as of June 2, 2006, contained only exhausted claims.  In light of Respondent's failure to respond or to oppose Petitioner's timeliness argument raised in the Objections, this court cannot conclude that the Petition should now be dismissed for failure to exhaust.

In sum, absent a response to Petitioner's timeliness argument, Respondent fails to adequately demonstrate that the Petition should be dismissed as unexhausted. Accordingly, the court declines to adopt the R & R and denies the motion to dismiss without prejudice, subject to a further showing on the timeliness of the Petition.

**IT IS SO ORDERED.**

DATED: September 26, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties
      Magistrate Judge Battaglia