# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROMERO,<br><br>                 Petitioner,<br>vs.<br><br>STUART J. RYAN,<br><br>                 Respondent. | CASE NO. 05cv1738 JM(AJB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; DISMISSING TIME-BARRED CLAIMS 1, 2, 3, 9, AND 10 |

On December 26, 2007, Magistrate Judge Battaglia entered a Report and Recommendation Denying Motion to Dismiss and Setting Briefing Schedule for Response to the Petition ("R & R"). Respondent has filed Objections to the R & R and Petitioner, represented by counsel, a response to the Objections. For the reasons set forth below, the court adopts the R & R as modified herein and dismisses claims 1, 2, 3, 9, and 10 as time-barred. Petitioner may proceed with the remainder of his claims.

In his Objections, Respondent argues that even if Petitioner were entitled to statutory tolling for the period during which Petitioner had pending state court collateral proceedings (as set forth in the R & R), the limitations period on claims 1, 2, 3, 9, and 10 had expired. The R & R did not address this argument.[1]

---

[1] The parties dispute whether the state habeas petitions were properly filed within the meaning of 28 U.S.C. § 2244(d)(2). For purposes of the present order, the court assumes that Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the period from September 7, 2005

In order to focus the issues raised in the Objections, the court highlights pertinent events. On September 7, 2005, one day before the expiration of the one year statute of limitations period set forth in 28 U.S.C. §2244(d)(1)(A), Petitioner filed a federal petition containing unexhausted claims 1, 2, 3, 9, and 10. Also on the same date, Petitioner sought to exhaust these claims in state court. On September 13, 2005 Magistrate Battaglia issued an Options Order informing Petitioner of several options with respect to his mixed Petition. The Options Order informed Petitioner that his Petition was subject to dismissal because it contained unexhausted claims. Petitioner elected to pursue the stay and abey option. Shortly thereafter, on May 12, 2006 this court denied Petitioner's motion to stay and abey. The California Supreme Court denied Petitioner's state habeas petition on May 24, 2006 and Petitioner filed with this court a Notice of Exhausted Claims (Docket No. 18) on June 2, 2006. Petitioner contends that he fully exhausted his claims by May 24, 2006 and therefore the court should consider all claims alleged in the Petition. This argument misses the mark.

Two issues have not been fully addressed by the parties. First, what is the case status of the Petition at the point in time when the court denied Petitioner's motion to stay and abey. Second, does the Notice of Exhaustion (if treated as an amended Petition) relate back to the filing of the original Petition under Rule 15.

To answer the first question, the court briefly reviews exhaustion principles under AEDPA. It is well-established that exhaustion of available state judicial remedies in state court is a prerequisite to consideration of claims presented in a federal habeas corpus proceeding. <u>Rose v. Lundy</u>, 28 U.S.C. §2254(b); 455 U.S. 509, 522 (1982). Here, on September 7, 2005, Petitioner filed his Petition with only one day remaining on the statutory one-year clock. The court provided Petitioner with notice that the Petition was subject to dismissal because it contained unexhausted claims ("Notice"). (Docket No. 2). The Notice also identified four options available to Petitioner. Petitioner elected to seek to stay and abey the Petition and, on May 12, 2006, the court

---

through May 24, 2006, the date the California Supreme Court denied the state habeas petition.

denied Petitioner's motion to stay and abey the Petition pending exhaustion of claims 1, 2, 3, 9, and 10. The court concluded that Petitioner failed to establish the prerequisites for the stay and abey procedure under Rhines v. Weber, 544 U.S. 269 (2005). Once the court denied the motion to stay and abey, the Rose v. Lundy bar on consideration of mixed petitions applies. "Because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose, 455 U.S. at 522.

Further, upon denial of the motion to stay and abey, Petitioner had only three options: (1) exhaust the claims in state court and return to federal court within one day, before expiration of the statute of limitations (a nearly impossible task) to file an amended petition; (2) voluntarily dismiss the petition or (3) formally abandon the unexhausted claims. (Options Order, Docket No. 2). The court notes that Plaintiff did not formally elect any option yet, through his conduct, he pursued option one.[2] By filing an unexhausted Petition one day before the expiration of the statute of limitations, the court notes that it was virtually certain that the unexhausted claims would be time-barred absent application of the stay and abey procedure.

Once Petitioner no longer had a properly filed post-conviction application pending before the state court, the statutory clock began to tick on May 25, 2006 and the statute of limitations ran on May 26, 2006. See 28 U.S.C. § 2244(d)(2). Prior to January 1, 2003, the California Supreme Court's denial of a habeas petition continued to toll the statute of limitations for a 30 day period because the order did not become final until 30 days after entry. Cal. Rule of Court 24 (2002); Bunney v. Mitchell, 262

---

[2] The court is mindful that the Ninth Circuit requires the court to provide legal advisements to Petitioners proceeding in propria persona. See Jefferson v. Budge, 419 F.3d 1013 (9th Cir. 2005) (dismissal after expiration of the statute of limitations without providing a second options order was "extraordinary circumstance" warranting equitable tolling of the statute of limitations). However, as Petitioner is represented by counsel, such legal advisements are not required. Furthermore, in Rhines and Pliler v. Ford, 542 U.S. 225 (2004), the Supreme Court rejected the Ninth Circuit's broad efforts to require district courts to provide detailed notice and legal advice concerning statute of limitations issues.

F.3d 973, 974 (9th Cir. 2001). Under the old rule, the filing of the Notice of Exhaustion (if treated as an amended Petition), would have been timely because it was filed within the 30 period before the order became final, prior to the expiration of the federal statute of limitations. However, under the current rule, renumbered Cal. Rule of Court Rule 8.264 (2007), the order of the California Supreme Court became final immediately upon filing on May 24, 2006. Consequently, for purposes of the one year statutory period of 28 U.S.C. §2244(d)(1)(A), the limitations period began to run again on May 25, 2006. See Fed.R.Civ.P. 6. By the time Petitioner filed the Notice of Exhaustion (if treated as an amended Petition) on June 2, 2006, the statute of limitations had expired unless (1) equitable tolling principles apply or (2) the entry of the final order on May 24, 2006 by the California Supreme Court somehow relates back to the filing date of the original Petition. As Petitioner fails to identify any applicable tolling principle, the Notice of Exhaustion (if treated as an amended Petition) was not timely filed.[3]

As of that point in time when the court denied Petitioner's motion to stay and abey, the court concludes that Rose v. Lundy required that the "district court must dismiss habeas petitions containing both unexhausted and exhausted claims." 455 U.S. at 522. Such a dismissal is consistent with AEDPA's twin purposes to (1) "reduce delays in the execution of state and federal criminal sentences" and (2) require prisoners to seek state relief first, thereby "streamlining federal habeas proceedings." Rhines, 125 S.Ct. at 1535. Notwithstanding, the court concludes that it would be manifestly unjust for Petitioner to be precluded from pursing those claims properly exhausted at the time he filed his Petition on September 7, 2005. Consequently, the court concludes that Petitioner may pursue all claims identified in the Petition with the exception of claims 1, 2, 3, 9 and 10.

---

[3] With respect to the filing of a Notice of Exhaustion, the court concludes that the Notice of Exhaustion, even if it were timely filed, functions as neither an amended petition nor a motion to amend the petition. Petitioner fails to identify any authority construing a generalized notice as an amended petition or as a motion to amend within the meaning of Rule 15. Accordingly, the court declines to treat the Notice of Exhaustion as an amended petition.

1 | In sum, the court adopts the R & R as modified herein and dismisses claims 1,
2 | 2, 3, 9, and 10 as time-barred.
3 | **IT IS SO ORDERED.**
4 | DATED: March 5, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties